# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA E. RAMOS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1457** |
| **MICHAEL J. ASTRUE, COMMISSIONER**<br>**SOCIAL SECURITY ADMINISTRATION** | **SECTION "A" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") and supplemental security income ("SSI") under Title XVI of the Act. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be GRANTED, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED to the Commissioner for proceedings consistent with this recommendation.

## I. BACKGROUND

Plaintiff filed an application for DIB under Title II of the SSA on June 30, 2006, alleging a period of disability since December 31, 2004. [Adm. Rec. at 242-44]. Plaintiff also filed a protective application for SSI on the same date. [*Id.* at 239-41]. Plaintiff alleged disability due to weakness and pain in her hands, knee problems and high blood pressure. [*Id.* at 267]. Plaintiff was 50 years

old at the time of the alleged disability onset date and 55 years old at the time of the final administrative decision. [*Id.* at 239]. Plaintiff has a fourth-grade education, speaks limited English, and has past work experience as a cleaner, kitchen helper, hand packager and farm worker. [*Id.* at 25, 31].

On September 13, 2006, plaintiff's applications were denied at the initial level and again on reconsideration on December 11, 2006. [*Id.* at 78-81]. Plaintiff timely requested an administrative hearing, and on January 11, 2008, Administrative Law Judge ("ALJ") Rebecca Westfall held a hearing. [*Id.* at 72-77, 88]. Plaintiff and her counsel attended the hearing. [*Id.*].

On March 14, 2008, the ALJ issued a decision denying plaintiff benefits and finding that she was not disabled, had the residual functional capacity ("RFC") to perform a full range of medium work, that plaintiff's testimony was exaggerated and not credible, and that she could perform past relevant work. [*Id.* at 88-95]. Plaintiff sought review before the Appeals Council, which ultimately remanded the case on January 16, 2009. [*Id.* at 96-99]. The Appeals Council ordered the ALJ

> to update evidence from treating sources; further evaluate the claimant's subjective complaints and provide rationale in accordance with the Act and Regulations; give further consideration to the claimant's maximum residual functional capacity; evaluate the treating and nontreating source opinions; if appropriate, obtain evidence from an orthopedic medical expert to clarify the nature and severity of claimant's knee impairment; evaluate the claimant's alleged diabetes; and, if warranted by the expanded record, obtain supplemental evidence from a vocational expert.

[*Id.* at 20]. On July 22, 2009, ALJ Michael Hertzig held another hearing. [*Id.* at 38-71]. Plaintiff and her counsel appeared at the hearing. [*Id.*]. While it appears that a Ms. Roberts, a vocational expert ("VE"), was present at the hearing, she did not testify. [*Id.* at 38].

On November 18, 2009, the ALJ rendered an opinion in which he found plaintiff not disabled

during the period from December 31, 2004 through the date of the decision. [*Id.* at 20-32]. The ALJ concluded that plaintiff has the following severe impairments: hypertension, non-insulin dependent diabetes mellitus, obesity and mild osteoarthritis of the knees. [*Id.* at 22]. The ALJ determined that plaintiff retained the RFC to perform the full range of medium work. [*Id.* at 15]. He also concluded that plaintiff can perform her past relevant work as a cleaner, kitchen helper, hand packager and farm worker as they are generally performed and as they were performed by her. [*Id.* at 31].

Plaintiff timely asked the Appeals Council to review the ALJ's unfavorable decision. On April 21, 2011, the Appeals Council denied Plaintiff's request for review. [*Id.* at 1-3]. As a result of the Appeals Council's denial of plaintiff's request for review, the ALJ's November 18, 2009 decision denying plaintiff's claims for benefits became the Commissioner's final decision for purposes of judicial review. Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson*

*v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.   ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if her

physical or mental impairment is so severe that she is unable to do not only her previous work, but cannot, considering her age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if she applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is

5

capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV. ISSUES ON APPEAL

There are two issues on appeal:

(1) Whether the ALJ erred when he rejected the findings of plaintiff's treating physician concerning her RFC and ability to perform past relevant work and whether substantial evidence supports the ALJ's RFC assessment.

(2) Whether the ALJ erred when he concluded that plaintiff can perform medium work and her past relevant work by relying on the testimony of the VE that is not in the record.

## V. ANALYSIS

**1. Whether the ALJ erred when he rejected the findings of plaintiff's treating**

**physician concerning her RFC and her ability to perform past relevant work and whether substantial evidence supports the ALJ's RFC assessment.**

Plaintiff argues that the ALJ erred when he accorded little weight to the medical opinion of her treating physician, Dr. Robert M. Post, when he determined plaintiff's RFC. In an undated check-the-box form provided to Post by counsel for plaintiff, Post checked "no" next to "[c]an stand or walk six hours in an eight hour day," "[c]an stand/walk two hours in an eight hour day while lifting/carrying up to 20 pounds," "[c]an stand/walk two hours in an eight hour day while lifting/carrying up to 10 pounds," "[c]an stand/walk two hours in an eight hour day," and "[c]an sit six hours in an eight hour day." [*Id.* at 397]. Plaintiff thus argues that Post opined that she can perform none of the requirements of sedentary, much less light or medium, work. Plaintiff contends that no substantial evidence in the record supports the ALJ's conclusion that she can perform medium or light work.

"The ALJ is responsible for determining an applicant's [RFC]." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citing 20 C.F.R. § 404.1546). While this may be true, substantial evidence must support the ALJ's RFC assessment. Here, the Court finds that it does not.

In *Ripley*, the Fifth Circuit held that "an ALJ may not – without opinions from medical experts – derive the applicants [RFC] based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 Fed. Appx. 828, 832 n.6 (5th Cir. 2009) (citing *Ripley*, 67 F.3d at 557). In *Williams*, the Fifth Circuit reaffirmed *Ripley*'s holding when it reversed an ALJ's RFC determination after finding that no evidence in the record

supported it. *Id.* at 831. There, the court held that "[a]ssuming that the ALJ was entitled to not give the[] [treating] physicians' opinions controlling weight, there is still *no* evidence supporting the ALJ's finding that Williams can stand or walk for six hours in an eight-hour workday." *Id.* (emphasis in original). The Court finds both *Williams* and *Ripley* particularly instructive here.

As noted above, the ALJ accorded little weight to the opinion of Post. This, he can do, given that Post only checked boxes on a routine and undated form submitted to Post by counsel for plaintiff. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). However, the ALJ must still support his RFC determination with substantial evidence. Here, the ALJ noted that

> [i]n a Residual Functional Capacity Assessment prepared on September 13, 2006, the non-examining state medical consultant determined that the claimant was capable of performing a medium level of work, with never climbing ladders, ropes, or scaffolds, occasional[ly] climbing ramps or stairs, stooping, kneeling, crouching, or crawling, and frequent balancing.

[Adm. Rec. at 31]. The non-examining state medical consultant – also on a check-the-box routine form – determined that plaintiff can occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk six hours in an eight-hour workday, and sit about six hours in an eight-hour workday with unlimited pushing and/or pulling. [*Id.* at 346]. The non-examining state medical consultant's only support for these conclusions was "RFC reflects pain." [*Id.*].

After noting the conclusions of the non-examining state consultant, the ALJ stated: "Based on the discussion herein, the undersigned ***disagree*** [sic] with the specific conclusions of the non-examining State medical consultant, but nevertheless find [sic] the claimant not disabled." [*Id.* at 31 (emphasis added)]. The ALJ thus outrightly rejected the non-examining state consultant's medical conclusions and accorded little weight to the medical conclusions of Post. Given the ALJ's

8

rejection of the conclusions of the non-examining state consultant[1] – the only evidence in the record to lend any support to his RFC determination – there is now *no* evidence in the record to support his RFC assessment, and Post's check-the-box form is the only evidence in the record that *even* addresses plaintiff's RFC and her ability to perform various tasks during an eight-hour workday.[2] Accordingly, no substantial evidence supports the ALJ's RFC assessment here.

Defendant points to the report of Dr. Casey Cochran to support its argument that substantial evidence exists to support the ALJ's RFC assessment. [*Id.* at 342-43]. But Cochran placed no limitations on plaintiff and never mentioned any limitation that any of plaintiff's impairments might reflect on her RFC. While defendant points to the numerous conclusions drawn by Cochran, defendant points to no opinions regarding plaintiff's abilities to perform various tasks during an eight-hour workday. Defendant correctly notes that "[t]he pivotal issue in a claim for disability is not the diagnosis of an impairment, but rather the functional limitations, if any, imposed by that impairment." [Def.'s Mem. Supp. at p. 5]. Cochran's report simply fails to address the functional

---

[1] Whether the word "disagree" is a typographical error is not for this Court to divine.

[2] It is doubtful that the report of the non-examining state medical consultant would be substantial evidence – by itself – to support the ALJ's RFC assessment in any event. The Fifth Circuit has held that the reports of non-examining physicians do not, as a matter of law, consist of substantial evidence when the reports of non-examining physicians constitute the sole medical evidence presented, *see Johnson v. Harris*, 612 F.2d 993, 996-98 (5th Cir. 1980), or when a non-examining physician makes specific medical conclusions that either contradict or are unsupported by findings made by an examining physician. *See Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988); *Strickland v. Harris*, 615 F.2d 1103, 1109-10 (5th Cir. 1980). If the ALJ had not rejected it, the report of the non-examining physician would have been the only evidence in the record to support his RFC assessment. In addition, the report contradicted that of Post.

limitations that plaintiff's impairments may impose during an eight-hour workday.³

**VI. Conclusion**

For the foregoing reasons, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence. Accordingly,

**IT IS RECOMMENDED** that the plaintiff's Motion for Summary Judgment be GRANTED, the Commissioner's Cross-Motion be DENIED and that plaintiff's case be REMANDED to the Commissioner for proceedings consistent with this recommendation.⁴

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of February, 2011.

---

3   While the Court does not rely on the testimony at the oral hearing before the ALJ on July 22, 2009, the Court notes here that the testimony cited on page eight of plaintiff's memorandum in support reveals a logic on the part of the ALJ that is extremely convoluted and flawed. [Pl.'s Mem. Supp. at p. 8 (citing Adm. Rec. at 51-52)].

4   Because the Court remands on the foregoing issue, the Court does not address the second issue on appeal, *i.e.*, whether the ALJ should have re-contacted Post, plaintiff's treating physician, or whether he erred when he relied on non-existent testimony of a VE.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**