UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIA E. RAMOS                                            CIVIL ACTION

VERSUS                                                    NO. 11-1457

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY                                           SECTION "A"(3)

<u>ORDER AND REASONS</u>

Before the Court is Plaintiff's **Petition for Attorney Fees (Rec. Doc. 21)** pursuant to the

Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Defendant Michael J. Astrue,

Commissioner of the Social Security Administration, by and through Jim Letten, United States

Attorney for the Eastern District of Louisiana, objects: 1) to the specific amount requested by

Plaintiff and 2) to Plaintiff's assignment of any fee award directly to Plaintiff's counsel.  For the

reasons stated below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

## I. The EAJA and Number of Hours Claimed

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party

in a civil action brought against the United States unless the court finds that the position of the

government was substantially justified or that special circumstances make an award unjust.  28

U.S.C. § 2412(d)(1)(A).  A party who obtains a remand of a social security appeal pursuant to

the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of fees under

the EAJA.  <u>Breaux v. U.S.D.H.H.S.</u>, 20 F.3d 1324 (5th Cir. 1994).  The prevailing party is

entitled to fees unless the government meets its burden of showing that its position was

substantially justified or that special circumstances make an award unjust.  <u>Baker v. Bowen</u>, 839

F.2d 1075, 1080 (5th Cir. 1988).

Plaintiff has asked this Court for an award of $4,725.00 in attorney's fees under the

EAJA for 26 hours of work performed at a rate of $181.75 per hour.  In response, the

Commissioner states that he does not object to an award of fees for 24 of the 26 hours of work claimed by Plaintiff's attorney; however, Defendant objects to the award of $545.00 for three hours spent in preparation of Plaintiff's EAJA request, arguing that an award of $181.75 is sufficient compensation for preparation of Plaintiff's EAJA pleading. Defendant therefore asks that the award be reduced from the $4,725.00 requested by Plaintiff to $4,362.00.

Defendant also objects to Plaintiff's request that the fees be awarded to Plaintiff's attorney, arguing that any award of fees must be paid directly to the litigant. The Commissioner's objections have merit. In addition, the Court finds that the amount per hour requested by Plaintiff's attorney is unreasonable in light of the prevailing market rate for this district. For the reasons described below, the Court finds that an award of fees in the amount of $3,600.00 is appropriate and that said fees must be paid to Plaintiff directly.

**II. Hourly Rate**

Plaintiff's attorney seeks to recover 26 hours worth of fees at an hourly rate of $181.75. For the following reasons, the Court finds that such an hourly rate is not reasonable under the EAJA in this district. Louisiana federal courts have noted that the EAJA provides in relevant part that "the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

The EAJA clearly "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." Yoes v. Barnhart, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the Court may increase the hourly rate beyond the nominal statutory cap. Baker, 839 F.2d at 1084. This increase should generally be automatic,

except in "unusual circumstances."  Id.  The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation."  Id.

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."  Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992).  Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award [s] interest for the ... delay in payment" and "is a prohibited award of interest against the United States."  Id. at 1076–77.  The cost of living in this area increased approximately 45.1 percent between March 1996, when Congress implemented the $125.00 cap, and May 2011.  See, e.g., Richards v. Astrue, Civ. A. No. 07–1020, 2008 WL 4544374 (W.D.La. Oct. 7, 2008) (noting that claimant argued that Consumer Price Index ("CPI") increased by 34.89 percent through December 2007).  This change is not insignificant. Increasing the $125.00 statutory cap by 45.1 percent would result in an hourly rate of approximately $181.38.  Williams v. Astrue, 2011 WL 5417116 at *2 (E.D.La. Oct. 14, 2011)(Knowles, M.J.).

However, most Courts within this district have previously held that an award of EAJA fees at $125.00 per hour is appropriate.  See e.g., Passaro v. Barnhart, No. 04–1300, 2005 WL 1432368 (E.D.La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the act); Buras v. Barnhart, No. 01–618, 2004 WL 74315 (E.D.La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125.00 is the accepted fee in the district); Knight v. Barnhart, No. 02–1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); Jackson v. Barnhart, No. 01–1911, 2002 WL 927799 (E.D.La. May 7, 2002) (Barbier, J.) (same).

Within the last several years some federal courts of this district have awarded an hourly rate higher than $125.00.  See Brown v. Astrue, Civ. A. No. 07–6933, 2008 WL 4186877

(E.D.La. Sept. 9, 2008) (Lemelle, J.)(awarding hourly rate of $150.00 under the EAJA); see also Williams v. Astrue, 2011 WL 5417116 (E.D.La. Oct. 14, 2011)(Knowles, M.J., adopted by Berrigan, J.)(awarding hourly rate of $160.00 under the EAJA).

Given the Court's discretion to award a reasonable rate for attorney's fees which accounts for increases in cost of living, the Court finds that an award of $150.00 per hour is appropriate.  Further, the Court agrees with Defendant's assertion that $545.00 is excessive compensation for the preparation of Plaintiff's EAJA pleading.  The Court calculates the overall fee award to be $3600.00.

**III.  To Whom Defendant Shall Remit the Award**

Because Plaintiff here executed an assignment of the EAJA fees and expenses to her attorney, Paul Brian Spurlock, Plaintiff's counsel asks that the Commissioner remit the award directly to him.  The Court denies this portion of the motion.

This issue requires little deliberation.  In Astrue v. Ratliff, the United States Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to the United States.  130 S.Ct. 2521, 2524 (2010).  There, the Supreme Court held that the term "prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney.  Id. at 2525–26.  As Justice Sotomayor explained in her concurring opinion, "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract."  Id. at 2530 (Sotomayor, J., concurring); see also Joseph v. Astrue, 2012 WL 1970885 at *2 (W.D.La. May 30, 2012)(Hanna, M.J.); Doty v. Astrue, 2011 WL 1130378 at *2 (E.D.La. Feb. 11, 2011)(Knowles, M.J., adopted by McNamara, J.).

Accordingly,

**IT IS ORDERED** that the **Petition for Attorney's Fees (Rec. Doc. 21)** be **GRANTED in part**, in that the Commissioner is hereby ordered to pay attorney's fees in the amount of **$3,600.00** (24 hours at $150.00 per hour).  The motion is **DENIED in part** insofar as the Court is reducing the fee amount requested by Plaintiff from $4,725.00 to $3,600.00 for the reasons stated above.

**IT IS FURTHER ORDERED** that the motion is **DENIED in part** in that all fees must be paid directly to the litigant, Maria E. Ramos, and not to her attorney, Paul Brian Spurlock, as requested in Plaintiff's motion.  The sum of $3,600.00 is hereby awarded to Ms. Ramos as an EAJA fee.  The Commissioner of the Social Security Administration shall forward a check in the amount of $3,600.00 pursuant to 28 U.S.C. § 2412(d)(1)(A) within forty-five days of this date.

This 20th of August, 2012.

JUDGE JAY C. ZAINEY